FILED

2025 Jan-06  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: BLUE CROSS BLUE SHIELD

Master File No.: 2:13-CV-20000-RDP

ANTITRUST LITIGATION
  (MDL NO.: 2406)

## **COMPLAINT**

Based on the continuing jurisdiction of the court, The Dampier Law Firm, P.C. and McArthur Law, L.L.C. file this Complaint against Patrick W. Pendley, individually and Pendley, Baudin & Coffin, L.L.C. (collectively referred to herein as "Pendley") and state:

## **PARTIES**

1.    The Dampier Law Firm, P.C. ("the Dampier Firm") is an Alabama professional corporation with its principal places of business in Mobile and Birmingham, Alabama.

2.    McArthur Law, L.L.C.  ("the McArthur Firm") is a Florida law firm with its principal place of business in Panama City, Florida

3.    Patrick W. Pendley is an attorney who resides and is licensed to practice law in the state of Louisiana.

4.    Pendley, Baudin & Coffin, L.L.C. is a Louisiana limited liability company with its principal place of business in Plaquemine, Louisiana.

5.    At all times relevant to the facts and claims alleged herein, Patrick Pendley was an agent and senior member and/or partner of Pendley, Baudin & Coffin, L.L.C, and Pendley, individually, and the law firm, are jointly and severally liable for the damages and equitable relief sought in this Complaint.

## JURISDICTION

6.     This action arises out of an offer made to the Dampier Firm in Alabama and accepted in Alabama. The Dampier Firm and McArthur Firm performed based on the representations of Pendley regarding litigation that took place in this Alabama federal court.

7.     The attorneys fees awarded to Pendley in this matter have not been distributed due, in part, to the dispute over the attorneys fees by Gordon Ball that is the subject of pending litigation against Pendley and as further described in the paragraphs below and remain subject to future orders of this Court.

## RELEVANT FACTS

8.     This MDL was established in the Northern District of Alabama after class action complaints were filed state-by-state against various Blue Cross and Blue Shield entities (including Florida Blue) that alleged BCBS entities had violated the Sherman Act by restricting competition. The MDL proceeded along two tracks:  a subscriber track and provider track. The causes of action and equitable relief sought herein arose out of the subscriber track.

9.     On or about October 26, 2012, Pat Pendley called Steve Dampier, with whom he had worked in other class action litigation, about working together in this class action.

10.     Pendley wanted the Dampier Firm to file a suit against Florida Blue, and the Dampier Firm had contacts in Florida that could possibly lead to the pursuit of class action claims on behalf of Florida residents against Florida Blue.

11.     Florida is the third most populous state in the country behind California and Texas and has more residents than even New York.

12.     Representation of the Florida class was expected to be a very significant representation in this class action litigation, since claimants from the state of Florida would likely comprise one of the largest groups of claimants from any state.

13.     Based on Pendley's representations, the Dampier Firm and McArthur Firm agreed to work with Pendley and file a class action complaint against Florida Blue on behalf of Florida Blue subscribers.

14.     On October 26, 2012, Pendley memorialized his offer into an agreement in writing ("the Pendley Agreement") and sent it in an email to Dampier, with copies to Gordon Ball and Pendley's law partner Nick Rockforte. The email stated, in full:

> Steve: this email will memorialize our telephone conversation regarding the filing of the Florida BCBS case. I understand that you will seek to file in federal court in Pensacola using Sherman Act violations. Pursuant to our conversation, we have agreed to pay to you 25% of any attorney fee that may ultimately be recovered that is attributable to the Florida class members. I understand that you are associating a Florida attorney from Panama City to assist you in the Florida case and her portion of the attorney fee will come from the 25% that we pay to you. I would ask that you get the case on file as soon as practicable given the MDL Panel hearing on November 29 in Dallas. If you will let me know what the filing fees are, I will be pleased to forward a check to you to cover those expenses. Please advise if you have any questions. I look forward to working with you on this most important litigation. Pat

(Exhibit 1).

15.     The Dampier Firm accepted the Pendley-drafted offer in good faith and in reliance on the representations of Pendley.  The parties to the Pendley Agreement intended the agreement to be a binding contract, with all parties performing their obligations under the contract.

16.     Alternatively, Pendley misrepresented his intentions in the Pendley Agreement either negligently or willfully, wantonly and recklessly, and with the intention to induce the Dampier Firm's and McArthur Firm's reliance on the misrepresentation(s).

17.    By entering into the Pendley Agreement, the Dampier Firm and McArthur Firm gave value to the Pendley Firm they could have retained for themselves.

18.    Acting in reliance on the Pendley Agreement that was drafted and memorialized in writing by Pendley, the Dampier Firm and McArthur Firm jointly identified and were retained by a Florida Blue class representative, Florida resident Jennifer Davidson, to pursue claims on her and a class of persons' behalf against BCBS of Florida.

19.    The Dampier Firm and the McArthur Firm later signed a "Co-Counsel Agreement" confirming that fees received under the Pendley Agreement would be shared 50/50 between the Dampier Firm and the McArthur Firm.  Class representative Jennifer Davidson also reviewed and signed the agreement.

20.    Acting in reliance on the Pendley Agreement, on November 15, 2022, a Class Action Complaint was filed by the McArthur Firm against numerous BCBS health plans, including Blue Cross and Blue Shield of Florida, with Dampier, Pendley, and Gordon Ball listed as "Of Counsel."

21.    Upon information and belief, this Class Action Complaint was the first-filed Complaint seeking damages on behalf of Florida BCBS class members in the antitrust litigation.

22.    On or about December 21, 2012 the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order that transferred the Davidson lawsuit to this MDL where it was later docketed.

23.    A damages class was certified under FRCP 23(b)(3) that included, "All Individual Members (excluding dependents and beneficiaries), Insured Groups (including employees, but excluding non-employee Members), and Self-Funded Accounts (including employees, but excluding non-employee Members) that purchased, were covered by, or were enrolled in a Blue-

Branded Commercial Health Benefit Product." *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1084 (11th Cir. 2023), *cert. denied sub nom. Behenna v. Blue Cross Blue Shield Ass'n,* No. 23-1163, 2024 WL 3089561 (U.S. June 24, 2024), and *cert. denied sub nom. Home Depot U.S.A., Inc. v. Blue Cross Blue Shield Ass'n*, No. 23-1063, 2024 WL 3089565 (U.S. June 24, 2024).

24.     The Court later approved a settlement of the subscriber class action that created a common fund of $2.67 billion to pay damages to Subscriber claimants (including Florida class members), administrative costs, and attorneys' fees and costs, with attorneys fees ultimately approved as 23.47 percent of the common fund total.

25.     According to a Recommended Partial Allocation schedule that accompanied an *in camera* report from the Special Master, Pendley is due to receive $12,468,419.52 from the common fund allocation to attorneys fees.

26.     The Dampier Firm and McArthur Firm contractually performed their obligations in reliance on the Pendley Agreement and are entitled to be paid 25% of the attorney fee recovery "that is attributable to the Florida class members" as drafted by and agreed to with Pendley. *See* Exhibit 1.

27.     By the clear terms of the Pendley Agreement, the amount payable by Pendley to the Dampier Firm and McArthur Firm must be calculated by reference to the attorney fee recovery "that is attributable to the Florida class members." *See* Exhibit 1.

28.     As of February 11, 2022, Florida Blue and its affiliated companies served more than 46 million people in 45 states, Puerto Rico and the U.S. Virgin Islands. https://www.floridablue.com/newsroom/florida-blue-again-ranked-among-top-50-large-employers-nationally .

29.    After the Court's approval of the settlement, the Dampier Firm asked Pendley to obtain and provide the Florida class member recovery figures to allow for a determination of the attorneys fees attributable to the Florida class members and owed under the Pendley Agreement.

30.    To date, Pendley has never provided any information that would allow the Dampier Firm, the McArthur Firm, and Pendley to determine the amount owed by Pendley under the Pendley Agreement.

31.    Pendley has not paid the Dampier Firm or the McArthur any attorneys' fees based on the recovery "attributable to the Florida class members." *See* Exhibit 1.

32.    With the assistance of the Special Master, the parties have engaged in two mediations in an effort to resolve this dispute.  Pendley has not made a single offer in response to good faith proposals by Plaintiffs herein.

## COUNT I: BREACH OF CONTRACT

33.    Plaintiffs incorporate the preceding paragraphs by reference as if fully restated herein.

34.    The Pendley Agreement was a valid, enforceable contract between Pendley, the Dampier Firm, and the McArthur Firm.

35.    Alternatively, the Pendley Agreement was a valid, enforceable contract between Pendley and the Dampier Firm, and the McArthur Firm was a foreseeable and intended third party beneficiary of the contract.  *See* Exhibit 1.

36.    Pendley has breached the Pendley Agreement by failing to provide information that is available to him regarding the numbers and expected recovery of Florida class members that is necessary to determine amounts owed by Pendley under the Pendley Agreement, and by failing to pay amounts owed under this contract.

## COUNT II: PROMISSORY ESTOPPEL AND DETRIMENTAL RELIANCE

37.     Plaintiffs incorporate the preceding paragraphs by reference as if fully restated herein.

38.     Pendley made a clear and unambiguous promise to pay the Dampier Firm and the McArthur Firm "25% of any attorney fee that may ultimately be recovered that is attributable to the Florida class members."

39.     Pendley's promise was intended to induce reliance actions on the part of the Dampier Firm and the McArthur Firm.

40.     The Dampier Firm and the McArthur Firm acted in reliance on Pendley's promise to their detriment and are entitled to all damages incurred or other relief as a result of their reliance on Pendley's promise.

## COUNT III – UNJUST ENRICHMENT/RESTITUTION

41.     Plaintiffs incorporate the preceding paragraphs by reference as if fully restated herein.

42.     Pendley knowingly received value and enrichment as a result of the Dampier Firm and McArthur Firm's actions allowing Pendley to enroll and act as counsel for Florida claimants and is not entitled to the value received.

43.     Such value and enrichment is unjust and entitles the Dampier Firm and McArthur Firm to damages.

44.     Alternatively, by entering into the Pendley Agreement, the Dampier Firm and McArthur Firm provided value to Pendley that they could have retained for themselves.

45.     Due to Pendley's failure to honor the promise in the Pendley Agreement, the Dampier Firm and McArthur Firm are entitled to restitution.

## COUNT IV – MISREPRESENTATION

46. Plaintiffs incorporate the preceding paragraphs by reference as if fully restated herein.

47. Pleading alternatively, Pendley misrepresented material facts, or omitted material facts, including his and his law firm's intentions, either negligently or willfully, wantonly, and recklessly, when he sent the Pendley Agreement, and is liable for active or constructive fraud.

48. The Dampier Firm and McArthur Firm acted in good faith in reliance on the Pendley's representations and suffered damages as a result.

## COUNT V – FRAUDULENT DECEIT

49. Plaintiffs incorporate the preceding paragraphs by reference as if fully restated herein.

50. Pleading alternatively, Pendley willfully deceived the Dampier Firm and the McArthur Firm by making a promise without intending to fully perform it.

51. The Dampier Firm and McArthur Firm acted in good faith in reliance on the deceit and suffered damages as a result.

## COUNT VI – DISPERSAL FROM COMMON FUND FEE AWARD

52. Plaintiffs incorporate the preceding paragraphs by reference as if fully restated herein.

53. The Dampier Firm and McArthur Firm are entitled to be paid attorneys' fees out of the Common Fund attorneys fees to Pendley that were awarded and currently held by this Court in accordance with the Pendley Agreement.

54.     This Court should impose a constructive trust over the attorneys' fees awarded to Pendley, with the Dampier Firm and McArthur Firm as beneficiaries of the trust, who are entitled to make claims against it consistent with the rights afforded by the Pendley Agreement.

### JURY DEMAND

55.     Plaintiffs demand trial by jury.

### PRAYER FOR RELIEF

56.     The Dampier Firm and the McArthur Firm request the Court to award them the amounts owed under the Pendley Agreement to be proven at trial or otherwise determined by the Court after sufficient time for investigation and discovery as necessary.

57.     The Dampier Firm and the McArthur Firm request the Court to order specific performance by Pendley, including an order directing Pendley to provide information about Florida class members and their recovery from which the parties may determine the attorneys fees "attributable to the Florida class members" pursuant to Exhibit 1 (the Pendley Agreement), and an order directing payment by Pendley to the Dampier Firm and McArthur Firm of the amount owed to them under the Pendley Agreement.  *See* Exhibit 1.

58.     Alternatively, the Dampier Firm and McArthur Firm request the Court to award restitution of their loss resulting from their reasonable reliance on the Pendley Agreement and/or the unjust enrichment obtained by Pendley as a result of actions by the Dampier Firm and McArthur Firm, in an amount to be proven at trial after sufficient time for investigation and discovery.

59.     The Dampier Firm and the McArthur Firm request the Court to impose a constructive trust on the attorneys fees awarded to the Pendley Firm in this MDL, with the

Dampier Firm and McArthur Firm as beneficiaries entitled to be paid the amounts owed to them under the Pendley Agreement to be proven at trial after sufficient time for investigation and discovery.

<u>**RESERVATION OF RIGHT TO AMEND**</u>

60.    Plaintiffs reserve the right to amend this Complaint to allege additional facts and claims pending further investigation and discovery and in accordance with any scheduling order to be entered in this matter.

**WHEREFORE**, the above premises considered, The Dampier Firm, P.C. and the McArthur Firm, L.L.C. pray that Patrick W. Pendley, individually and Pendley, Baudin & Coffin, LLC be served with this Complaint and that after due proceedings had, they be held jointly and severally liable for damages or equitable relief in an amount to be proven at trial, plus costs, interest, and attorneys' fees as provided by law.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Danielle E. Douglas*

Danielle E. Douglas (ASB-1987-T23V)
1901 Sixth Avenue North, Suite 1110
Birmingham, Alabama 35203
Telephone: (205) 250-5000
Facsimile: (205) 250-5034
danielle.douglas@arlaw.com

**and**

10

Don S. McKinney (La. Bar #26685)
*Pro Hac Vice Application to Be Made*
Hancock Whitney Center – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
E-Mail: don.mckinney@arlaw.com

Attorneys for Plaintiffs

**Stephen Dampier**

| | |
|---|---|
| **From:** | Patrick Pendley <pwpendley@pbclawfirm.com> |
| **Sent:** | Friday, October 26, 2012 5:01 PM |
| **To:** | Stephen Dampier |
| **Cc:** | Gordon Ball (gball@ballandscott.com); Nick Rockforte |
| **Subject:** | Florida BCBS |

Steve: this email will memorialize our telephone conversation regarding the filing of the Florida BCBS case.  I understand that you will seek to file in federal court in Pensacola using Sherman Act violations.  Pursuant to our conversation, we have agreed to pay to you 25% of any attorney fee that may ultimately be recovered that is attributable to the Florida class members.  I understand that you are associating a Florida attorney from Panama City to assist you in the Florida case and her portion of the attorney fee will come from the 25% that we pay to you.  I would ask that you get the case on file as soon as practicable given the MDL Panel hearing on November 29 in Dallas.  If you will let me know what the filing fees are, I will be pleased to forward a check to you to cover those expenses.  Please advise if you have any questions.  I look forward to working with you on this most important litigation.  Pat

1

Exhibit 1 to Complaint